MYSCHELLE K. BURTON, Plaintiff-Appellant, v. THE COUNTY OF JACKSON, Defendant-Appellee.

Fifth District   No. 5—91—0887

Opinion filed July 9, 1993.

CHAPMAN, P.J., dissenting.

Bruce W. Booker, of McCann & Foley, of Murphysboro, for appellant.

Thomas E. Jones and Leslie G. Offergeld, both of Walker & Williams, P.C., of Belleville, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Myschelle Burton brought an action in the circuit court of Jackson County against defendant Jackson County for injuries sustained in a one-car accident. Summary judgment was entered for defendant. Plaintiff appeals. We affirm.

Burton was injured in a one-car accident on Dillinger Road on January 7, 1987, when she swerved to the right to make room for an oncoming automobile and the wheels of her automobile dropped into a ditch or depression off the roadway, causing her car to overturn. Burton's one-count complaint against Jackson County alleges that the county was negligent in that it "caused or permitted the road to remain in a poor state of construction or repair, and caused or permitted a certain hole, depression or ditch to remain in the shoulder of Dillinger Road." Burton also alleges that the defendant had knowledge of the dangerous condition prior to her accident.

In April of 1989 Judge Richman denied defendant's motion for summary judgment. On November 25, 1991, following Judge Richman's retirement, Judge William Schwartz granted the defendant's second motion for summary judgment. Burton argues that the trial court erred because the only new evidence produced between the two rulings was the deposition of Burton's expert witness which bolstered Burton's case. Burton maintains that because there was no new evidence supporting defendant's motion for summary judgment, the trial court abused its discretion in reversing the order denying the motion for summary judgment previously entered by a different circuit judge. Burton also argues that the order was incorrect on the merits. We will first address the issue of whether summary judgment was proper on the merits of this case.

■■ Summary judgment is a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) Summary judgment is proper if the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005 (West 1992).

No photographs or diagrams of Dillinger Road or the accident scene were submitted as part of the record on appeal, but several affidavits and two depositions are included in the record. Myschelle Burton testified at her deposition that it was very dark on the night of the accident, but the weather was dry and clear. She is familiar with Dillinger Road, a paved asphalt highway, as she had

traveled it many times in the past. She testified, "[J]ust before I began to make the curve, I seen [sic] what I thought was coming towards me, a motorcycle." Burton testified that at first she thought it was a motorcycle because the vehicle had only one headlight, but when the vehicle came closer she saw that it was an automobile. Burton testified that she first saw the headlight just before she reached the curve in the road. She continued, "I could see the other vehicle coming around the curve, and the way it looked, I thought there was motorcycle [sic] in my lane, and that I was going to have to pull off on the shoulder and get away from [sic]." As the vehicle approached, she observed that the driver's side headlight was on, but the passenger's side headlight was out. Burton testified: "[A]t the time I felt like I was going to have to get out of the way, and I thought I was going to have to go over here, and if I end up [sic] in a muddy section and get caught, I will have to call a wrecker ***. I felt I had enough room to pull off the side of the road even if I did get stuck." She testified that it was not until weeks after the accident when she returned to the scene that she realized that there is no shoulder to travel on near the curve.

Burton testified in an affidavit that she attempted to drive through the curve with the right tires of her car partially on the "right-of-way" on her side of the road, and that when she attempted to use the "right-of-way" one or both of her car's right tires fell into a deep ditch, depression, or hole. This testimony contradicted Burton's earlier deposition testimony that she had no recollection as to what happened between the time she turned her steering wheel and the time she woke up in her car. The affidavits of Lois Hicks, Authanile Hicks, and Madena Eichholz confirm that there is a ditch which runs parallel to Dillinger Road.

Glenn Staley testified at his deposition that he has degrees in civil engineering and occupational education. He is also trained in structural engineering and has worked nine years with the design division and four years with the construction division of the Illinois Department of Transportation. Staley testified that the curve in Dillinger Road does not meet the criteria of the design manual of Illinois for four reasons: (1) the sharpness of the curve; (2) the lateral slope of the curve; (3) the clearance of the power pole which is currently located 13 feet from the edge of the pavement; and (4) the shoulder width adjacent to the curve. Staley testified that, while there are points where the shoulder width is two feet, for the most part it is one foot. Staley testified that he observed no roadway defects such as potholes in the road's surface. He testified, however,

that until the four substandard-design items are corrected there will continue to be accidents along Dillinger Road. Utilizing a sketch for purposes of demonstrating the accident scene, Staley testified that the ditch was within four to six feet of the edge of the pavement, and plaintiff's vehicle traveled beyond the ditch before coming to rest. Staley testified that while Dillinger Road does not have a maintenance problem, it does have a design problem.

Defendant argues that summary judgment was proper because (1) the only dangerous condition alleged was the presence of a hole, depression, or ditch in the shoulder of the roadway, and (2) the proofs do not correspond to the allegations of the complaint. Defendant contends that the testimony of the plaintiff's own expert demonstrates that the ditch was not in fact located in the shoulder but was adjacent to the shoulder, some four to six feet from the edge of the roadway. Defendant draws our attention to the recent case of *DiBenedetto v. Flora Township* (1992), 153 Ill. 2d 66, 605 N.E.2d 571, wherein the supreme court held that a township does not have a duty to the motoring public to make its drainage ditches which run parallel to the traveled way safe for vehicular traffic. The complaint in the present case contains no such allegation, and we find *DiBenedetto* to be inapposite.

While plaintiff's expert, Glenn Staley, testified that the ditch was located some four to six feet from the edge of the roadway, this testimony was given in reference to a sketch which the witness testified was not drawn to scale. Contrary to defendant's rendition of the evidence, there was testimony by both the plaintiff and her expert that the shoulder of the road was either very small or non-existent. Myschelle Burton testified specifically that at the curve in Dillinger Road there is no shoulder. Staley testified that the shoulder along Dillinger Road was generally one foot wide, and at most it was two feet wide, and in his opinion this constituted a design defect.

With respect to defendant's second argument, the court found that the facts presented failed to sustain the allegations contained in the complaint. The court stated that the plaintiff's complaint is "totally devoid of the word 'design' or any allegation regarding design of the road." In the complaint it is alleged in part that the defendant "caused or permitted the road to remain in a poor state of construction or repair, and caused or permitted a certain hole, depression or ditch to remain in the shoulder of Dillinger Road so that the road shoulder was unsafe for automobile use." Plaintiff did not seek leave to amend her complaint. In determining a motion for

summary judgment, the court must construe the pleadings, depositions, and affidavits most strictly against the movant and liberally in favor of the opponent. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) Burton argues that a liberal reading of the word "construction" could include "design." We do not agree. While this would no doubt be a liberal construction, we do not believe it to be a proper one. The evidence before the trial court does not correspond to the allegations of the complaint. The evidence shows that while there was a ditch in proximity to the shoulder, the ditch was not in the shoulder of the roadway but rather was beyond the edge of the shoulder. Staley testified that while the appropriate shoulder width for the Dillinger Road was two feet, in most places it was only 1 to 1½ feet. He also testified that the ditch was between four and six feet from the edge of the road. Clearly, Staley's testimony does not support the allegation of a ditch in the shoulder of the roadway. Unsupported allegations in a complaint are insufficient to raise a genuine issue of material fact where the affidavits and depositions which support a motion for summary judgment set forth facts to the contrary. (*Murphy v. Cory Pump & Supply Co.* (1964), 47 Ill. App. 2d 382, 197 N.E.2d 849.) In this instance, plaintiff's own expert, Staley, testified to facts which directly contradict the allegations of the complaint that the ditch was located in the shoulder of the road. See *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d 1346.

■ Plaintiff also argues that her affidavit filed in opposition to the motion for summary judgment raises a genuine issue of material fact, but as previously noted, this affidavit directly contradicts her earlier unequivocal deposition testimony that she had no recollection of what happened after she turned to avoid the oncoming car and later awoke. A party cannot create a factual dispute by contradicting a previously made unequivocal judicial admission. *Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475, 508 N.E.2d 301.

■ Applying the standard established by statute and *Purtill*, we hold that no issue of material fact with regard to the negligence of Jackson County arose as a result of the evidence presented.

■ Plaintiff also contends that the trial court abused its discretion in granting defendant's second motion for summary judgment when a prior motion was denied by a different judge. However, the second motion presented the testimony of plaintiff's expert which was not available at the time of the first motion and, therefore, constituted newly discovered evidence. Furthermore, an order deny-

ing summary judgment is interlocutory in nature and may be modified or vacated at any time before final judgment. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217; *Leopold v. Levin* (1970), 45 Ill. 2d 434, 259 N.E.2d 250.

The judgment of the circuit court is affirmed.

Affirmed.

WELCH, J., concurs.

PRESIDING JUSTICE CHAPMAN, dissenting:

I dissent for reasons which I will discuss.

The majority concludes that allegations as to the design of Dillinger Road are not included in plaintiff's complaint. The majority's summary dismissal of a liberal reading of the word "construction" as equalling "design" is erroneous. Glenn Staley related four specific items which he believes constitute deficiencies in the design, and not the maintenance, of Dillinger Road. Construing the pleadings, depositions, and affidavits most strictly against the movant and liberally in favor of the opponent (*Purtill v. Hess* (1986), 111 Ill. 2d at 240, 489 N.E.2d at 871), I find that the word "construction" could include "design."

I also disagree that Myschelle Burton's affidavit creates a factual dispute by contradicting a previously made unequivocal judicial admission sufficient to preclude an examination of her affidavit testimony. Burton testified at her deposition that she had no recollection of what happened after she turned to avoid the oncoming car. In her affidavit, Burton testified as to what she recalls happened before she landed in the ditch. I do not find Burton's deposition testimony to be so clear and unequivocal as to preclude the admission of her affidavit testimony. I further disagree with the majority's conclusion that the evidence before the trial court does not correspond to the allegations of the complaint. Evidence was presented that the shoulder is small or nonexistent. Staley testified that for the most part the shoulder width is one foot, a deficiency in design. Myschelle Burton testified that at the curve in Dillinger Road there is no shoulder.

In my view, the summary judgment was improperly granted, and I would reverse. Therefore, I respectfully dissent.