CHAMPAIGN NATIONAL BANK, Plaintiff-Appellee, v. DICK BABCOCK *et al.*, Defendants (William R. Gaston *et al.*, Defendants-Appellants).

Fourth District   No. 4—94—0773

Argued May 24, 1995.—Opinion filed July 11, 1995.

William R. Gaston (argued), of Champaign, and William M. Goldstein, of Goldstein & Reeves, and T.V. Johnson, both of Urbana, appellants *pro se*.

James W. Evans (argued) and Joseph P. Chamley, both of Evans, Froehlich & Beth, of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

Defendants William Gaston, William Goldstein, and T.V. Johnson appeal from a summary judgment entered by the circuit court of Champaign County finding defendants liable for the balance owing plaintiff Champaign National Bank (Bank) on a judgment entered against The Great Little Soap Company Corporation (Corporation). A

default judgment was entered against defendant Dick Babcock. Charles Baker has not joined in this appeal.

On July 29, 1974, all defendants signed a guaranty of loans made to the Corporation by the Bank. The guaranty was security for loans to the Corporation not exceeding a principal amount of $21,000. The guaranty also included accrued interest and collection costs. The guaranty provided in relevant part:

> "No renewal or extension of time of payment of the Indebtedness, no release or surrender of any security for the Indebtedness or this guaranty, no release of any person primarily or secondarily liable on the Indebtedness (including any maker, indorser or guarantor), no delay in enforcement of payment of the Indebtedness or this guaranty and no delay or omission in exercising any right or power with respect to the Indebtedness or this guaranty shall affect the liability of any of the undersigned hereunder.

> \* \* \*

> Each of the undersigned waives presentment, protest, demand, notice of dishonor or default, notice of acceptance of this guaranty, notice of any loans made, extensions granted, or other action taken in reliance hereon and all demands and notices of any kind in connection with this guaranty or the Indebtedness.

> This guaranty shall remain in full force and binding upon the undersigned until written notice of its discontinuance shall be received by the Bank, notwithstanding the death of one or more of the undersigned and until any and all Indebtedness accepted before receiving notice of revocation shall have been fully paid.

> If this is signed by more than one person it shall be the joint and several obligation of said persons."

Only one promissory note executed by the Corporation is involved in this action, and judgment on that note was entered against the Corporation in 1977 for $22,646.96. After judgment in 1977, the Corporation made payments on the note until (and including) November 1984. The present action against those signing the guaranty was filed in 1986. Babcock was defaulted and, subsequently, plaintiff filed a motion for summary judgment.

Defendants filed affirmative defenses, all of which were dismissed by the trial court when summary judgment was granted. We initially note defendants' objection to the trial court's reconsideration of its earlier decision to deny plaintiff's motion to strike defendants' affirmative defenses. We find the order denying dismissal of affirmative defenses to be interlocutory in nature and it may be modified or vacated at any time before final judgment. (See *Burton v. County of Jackson* (1993), 246 Ill. App. 3d 677, 681-82, 616 N.E.2d 662, 666;

*Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 240, 492 N.E.2d 1327, 1335.) On appeal, defendants also argue that four of the affirmative defenses should not have been dismissed. The trial judge did not articulate the reasons for the dismissals. The following four affirmative defenses are now to be considered.

Affirmative defense No. 1 alleges the original note was in the court file and plaintiff's copy (a photocopy) was marked paid; thus, plaintiff no longer had a cause of action. Defendants' affirmative defense did not allege that the judgment (or debt) had in fact been paid.

Affirmative defense No. 2 alleges the judgment against the Corporation, the copy of the note was marked paid on or about March 17, 1978, and there was a novation, all thereby extinguishing defendants' obligations under the guaranty.

Affirmative defense No. 5 alleges the judgment against the Corporation and Babcock created a new debt which extinguished the original obligation and the guaranty did not create an obligation guaranteeing a judgment.

Affirmative defense No. 6 claims *laches* and contends (1) the Bank had knowledge of a possible claim under the guaranty from July 1974, (2) the Bank allowed an unreasonable time to lapse without enforcing the guaranty, (3) defendants' rights were substantially prejudiced in that the Corporation moved assets from the State and a material witness is now deceased, and (4) the Bank was not precluded from suing defendants when it brought its action in 1977 against the Corporation.

The issues on appeal are (1) the correctness of granting the Bank's motion to dismiss defendants' affirmative defenses; (2) whether the trial court erred in accepting the affidavit presented by the Bank in support of its motion for summary judgment; and (3) whether it was error to grant the motion for summary judgment.

## I. DISMISSAL OF AFFIRMATIVE DEFENSES

■ We first address the correctness of dismissing the four affirmative defenses. As to affirmative defense No. 1, we note that defendants do not allege that the judgment debt was paid in full. The Bank's sworn motion to dismiss affirmative defenses alleges that payments were made, but an unpaid balance existed. We hold defendants' statement that a copy was marked paid does not sufficiently counter the Bank's statement of facts that the debt was not paid. The defendants had ample time for discovery, which could have included examination of all the Bank's records relating to this transaction. If the complete records at the Bank or at the courthouse had indicated pay-

ments, we are confident that defendants would have produced them in court. The affidavit by Daniel P. Rock attached to the Bank's summary judgment motion was sufficient to establish the existence of a debt.

The affidavit by Rock, filed on August 19, 1987, was in support of the motion for summary judgment. It sets forth Rock's position with the Bank and his familiarity with all records relating to the Corporation's December 20, 1976, loan of $19,385.26. The August 24, 1977, judgment was for $22,646.96. Attached to the Rock affidavit is a summary of the interest charged and the payments of principal from August 24, 1977, through July 7, 1986. (The last payment prior to judgment was made on November 26, 1984.) Payments totaled $11,228 and unpaid interest earned during the time period totaled $7,373.16, leaving a total amount due of $18,792.12. The affidavit states that Dick Babcock paid a total of $3,000 on the note after August 24, 1977, and before the August 19, 1987, affidavit. The balance due on August 19, 1987, was stated to be $15,792.12, plus accrued interest, court costs, and reasonable attorney fees.

It is apparent that the $22,646.96 judgment was reduced to $18,792.12 by the time action was commenced on the guaranty. Defendants did not produce evidence countering Rock's affidavit. Reference to a photocopy of the note marked paid was not sufficient to successfully counter the affidavit. Defendants' objection to the affidavit, based upon the business records rule, will be considered later in this opinion.

■ As to affirmative defense No. 2, we need only consider paragraph Nos. 2 and 5 of the guaranty to affirm the trial court's ruling. Renewals or release of security, release of obligations, and delays of enforcement of the indebtedness and guaranty would not affect the guarantor's liability. The implication exists that judgment could be taken on the indebtedness without losing the guaranty. Any other conclusion would be nonsense. Bringing action against the primary debtor and reducing the note to judgment could only benefit the separate guarantors. When signing the guaranty, the guarantors specifically agreed to waive any defense of delays. The three defendants now actually pursuing this appeal are attorneys. Ignorance of what the guaranty stated is certainly no excuse. The judgment represents the guaranteed debt, and there was not a novation.

■ As to affirmative defense No. 5, we agree with defense counsel's statement at oral argument—there is no merit in defendants' contention. We again emphasize that the guaranty does not bar taking judgment against the primary debtor. The guarantors are guarantors of the debt—whether it is represented by a promissory note or a resulting judgment.

■ As to affirmative defense No. 6, relating to *laches*, we point out that the summary judgment motion establishes that payments on the judgment were made up until November 26, 1984, and the present action on the guaranty was commenced on May 2, 1986. The second paragraph of the guaranty, as quoted above, specifically provides that no delay in enforcement of payment of the indebtedness or this guaranty and no delay or omission in exercising any right or power with respect to the indebtedness or this guaranty shall affect the liability of any of the guarantors.

*Laches* is defined as such neglect or omission to assert a right, taken in conjunction with a lapse of time and other circumstances causing prejudice to an adverse party, as will operate to bar relief. The mere delay in asserting a right does not constitute *laches*. The passage of time must have caused such a change of circumstances to the defendant that granting relief to the plaintiff would be inequitable and unjust. Whether the delay is enough to constitute *laches* depends upon the circumstances of each case. *Higgins v. Brunswick Corp.* (1979), 76 Ill. App. 3d 273, 279, 395 N.E.2d 81, 86.

The rule of *laches* is particularly applicable where the difficulty of doing complete justice arises through the death of one of the parties to the transaction in question. *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 555, 147 N.E.2d 341, 345; *Bobin v. Tauber* (1976), 45 Ill. App. 3d 831, 837, 360 N.E.2d 368, 373.

Paragraph No. 6(c) of defendants' affirmative defense of *laches* is relevant, providing:

> "That the Defendants['] rights have been substantially prejudiced by an unreasonable delay in an enforcement of the underlying security against The Great Little Soap Co. because The Great Little Soap Co. has removed its assets from the State of Illinois, that material witnesses have moved from the State of Illinois, that a material witness is now deceased and that a co-guarantor has filed bankruptcy."

We note that the name and nature of the material witnesses who have moved from Illinois are not listed, nor is the name of a deceased witness included. We give short shrift to the importance of State lines. If the Corporation and witnesses had transacted business in Illinois, we see no problem with Illinois jurisdiction. From the affidavit of Rock, we determine the defendants were benefited by the payments made by others from the time of the initial judgment until November 26, 1984. The judgment was reduced by $3,854.84. In addition, the interest on the debt was paid. An enforcement of the guaranty in 1977 could have required defendants to pay the entire balance. They, then, either would have had to borrow funds and pay interest or take investment funds out of the income market.

When considering the facts together with the terms of the guaranty, we find the trial court's dismissing the *laches* affirmative defense was correct.

## II. SUFFICIENCY OF ROCK AFFIDAVIT TO ESTABLISH AMOUNT OWING

Did the trial court err in accepting the affidavit of Rock presented by the Bank in support of its motion for summary judgment?

Summary judgment can be entered upon part or all issues of a case. (735 ILCS 5/2—1005 (West 1992).) Defendants contend that the amount of debt owing was improperly established because the specific business record entries were not introduced as part of the summary judgment. If defendants are correct, then the entire judgment must be reversed and remanded for trial. In *Cole Taylor Bank v. Corrigan* (1992), 230 Ill. App. 3d 122, 595 N.E.2d 177, the court held the trial court's summary judgment reversible because the officers' affidavit stating the balance due was $3,043,215.78 did not show affiants' familiarity with the amounts disbursed or the amounts collected. However, that opinion stated:

> "Where a fact may be ascertained only by the inspection of a large number of documents comprised of detailed statements, a summary of those documents may be received into evidence. However, the mass of documents must be placed in the hands of the court or be made accessible to the opposing party for inspection. ***
>
> *** While the bank's documents show that Lilek signed the original documents evidencing the loan and security agreement, the affidavit did not show his familiarity with the amounts disbursed or the amounts collected." *Cole*, 230 Ill. App. 3d at 129, 595 N.E.2d at 182.

■ We recognize it is the business record itself, not the testimony of a witness who makes reference to the record, that is admissible. (145 Ill. 2d R. 236.) Here, the affidavit of Rock stated that he, as vice-president, was "personally familiar with the files, ledgers and records kept by the Bank pertaining to a loan to The Great Little Soap Co. on December 20, 1976." The affidavit refers to the itemization of payments, interest charges, and principal balances from the date of the initial judgment. This affidavit established the affiant's familiarity with the amounts collected and the various debits and credits. More important is the absence of any attempt to prevent examination by defendants of Bank records, which prevention was present in *Cole*. We find no effort on the part of defendants to seriously question the Bank's computation. We find the facts in the present case fall within the "summary of those documents" exception as set forth in *Cole*.

## III. PROPRIETY OF SUMMARY JUDGMENT

Defendants argue that there were issues of material fact which remained to be resolved, whether or not the trial court properly struck the amended affirmative defenses.

Summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact and that the movant is entitled to a judgment as a matter of law. *Clifford-Jacobs Forging Co. v. Capital Engineering & Mfg. Co.* (1982), 107 Ill. App. 3d 29, 33, 437 N.E.2d 22, 25; *McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 764, 428 N.E.2d 739, 741.

Defendants contend that even if the amended affirmative defenses were properly stricken, their verified answer remained in place and raised issues of fact that could only have been resolved in a trial. They also point out that Rock's affidavit was challenged as being hearsay, not within the business records exception and containing conclusory matters.

■ The Bank argues that defendants fail to identify in their brief any issues of fact that remain to be resolved; rather, they merely make blanket assertions that issues of material fact exist. The Bank also relies upon the legal principle that where a party moves for summary judgment and files supporting affidavits containing well-pleaded facts, and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted. (See *Patrick Media Group, Inc. v. City of Chicago* (1993), 255 Ill. App. 3d 1, 6-7, 626 N.E.2d 1066, 1071.) The opposing party may not stand on his or her pleadings in order to create a genuine issue of material fact. *Fitzpatrick v. Human Rights Comm'n* (1994), 267 Ill. App. 3d 386, 391, 642 N.E.2d 486, 490, *appeal denied* (1995), 159 Ill. 2d 566.

From our examination of the pleadings, we conclude there was no genuine issue as to whether the defendants were liable under the guaranty for the unpaid amounts of principal and interest. Summary judgment on the issue of liability was correct.

## IV. CONCLUSION

We conclude the trial court properly granted summary judgment.

Affirmed.

KNECHT, P.J., and COOK, J., concur.