LEONID M. KAPOROVSKIY *et al.*, Plaintiffs-Appellants, v. GRECIAN DELIGHT FOODS, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—00—3604

Opinion filed March 14, 2003.

Joseph A. Power, Jr., and Devon C. Bruce, both of Power, Rogers & Smith, P.C., of Chicago, for appellants.

Robert Marc Chemers, John J. Walsh III, and Scott L. Howie, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

This appeal arises from an order in the trial court granting summary judgment in favor of the defendant, Grecian Delight Foods, Inc. (Grecian Delight), and against the plaintiffs, Leonid Kaporovskiy and Zhanetta Kaporovskaya. The plaintiffs raise two issues on appeal. For the following reasons, we affirm the summary judgment order entered by the trial court.

As a preliminary matter, we address the jurisdictional issue raised by the defendant. Defendant filed a motion to dismiss this appeal, which this court denied. Defendant again raised the issue of jurisdiction in its brief and incorporated the arguments from its motion. Defendant asserts that this court lacks jurisdiction over the orders entered by the trial court granting summary judgment in favor of the defendant because the notice of appeal fails to mention those orders. We disagree.

■ The notice of appeal specifying the September 20, 2000, order of the circuit court conferred jurisdiction on this court. The notice of appeal states that the plaintiffs appeal the September 20, 2000, order entered by the trial court. The notice further states that this order contains Rule 304(a) (134 Ill. 2d R. 304(a)) language for the summary judgment granted in favor of defendant on counts I, II, VII and VIII. The September 20, 2000, order refers to the September 18, 2000, order that denied plaintiffs' motions to reconsider and sustained the earlier grants of summary judgment. Although the September 18, 2000, order was not specifically designated in the notice of appeal, it was sufficiently closely related to the judgment of September 20, 2000. See *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 437 (1979).

Accordingly, for the same reasons this court denied defendant's motion to dismiss, we find that this court has jurisdiction over this matter.

## BACKGROUND

On July 15, 1996, plaintiff Zhanetta Kaporovskaya was driving her automobile on Illinois Interstate 294 when her car was struck by a truck driven by Paul Stowe. As a result of the collision, Ms. Kaporovskaya's vehicle struck a median barrier and overturned. Ms. Kaporovskaya suffered injuries in the accident. Thereafter, Ms. Kaporovskaya and her husband filed a complaint against several defendants, including Grecian Delight. The plaintiffs alleged two theories of liability against Grecian Delight: first, that Stowe was acting as an agent/employee of Grecian Delight when he caused plaintiffs' injuries; and second, that Stowe was an employee of Motorsport Marketing, Ltd., and Grecian Delight was liable pursuant to a joint venture agreement with Motorsport Marketing, Ltd.

On March 1, 1996, Grecian Delight entered into a sponsorship agreement with Motorsport Marketing, Ltd. The agreement provided that Motorsport would promote Grecian Delight food products at various auto-racing venues. Under the agreement, Grecian Delight was the exclusive supplier of the products and Grecian Delight provided the food at no charge. Motorsport would sell the food at its own

expense and retain all proceeds. Grecian Delight provided equipment for preparing and serving the food as well as T-shirts, hats, posters, sandwich wrappers and table tents. Motorsport was to display Grecian Delight's logo on its formula race cars, drivers' suits, crew uniforms, transporter and trailer. Motorsport was to participate in at least 20 racing events during the term of the agreement, which expired at the end of 1997.

In 1996, Motorsport reserved space at the Summer Olympic Games in Atlanta, Georgia. Motorsport determined that it could use the space it had reserved to sell both Grecian Foods products as well as Lou Malnati's pizza. Motorsport, through Paul Stowe, contacted Lou Malnati's and purchased both pizza and pizza ovens to be used in Atlanta.

In order to transport all of the food products to Atlanta, Motorsport had obtained a trailer and a truck; however, Motorsport determined that it needed another truck. Motorsport informed Grecian Delight that it needed a truck to transport food to Atlanta, and Grecian Delight was able to reserve a Ryder truck. A Motorsport employee picked up the Ryder truck.

A few days prior to departure to Atlanta, Motorsport president Tommy Hormovitis determined that the Ryder truck was too small to carry the Grecian Delight food products to Atlanta. Mr. Hormovitis decided that the Ryder truck would instead be used to transport the Lou Malnati's pizzas and the pizza ovens. In all, Motorsport was using three vehicles driven by Motorsport personnel to transport various food products to Atlanta.

On July 15, 1996, Paul Stowe drove the Ryder truck that had been rented under the corporate account of Grecian Delight, to Northbrook, Illinois, to pick up the Lou Malnati's pizzas. Then, Stowe drove to Addison, Illinois, to pick up the pizza ovens. From there, Stowe departed for Glenview, Illinois, in order to pick up an associate. While traveling north on Interstate 294, Stowe was involved in a collision with the plaintiff.

## DISCUSSION

The plaintiffs alleged two theories of liability against Grecian Delight. The first theory of liability was based on an agency relationship between Stowe and Grecian Delight. The second theory of liability was based on a joint venture relationship between Motorsport and Grecian Delight. The trial court granted summary judgment in favor of Grecian Delight. On appeal, plaintiffs maintain that material questions of fact exist regarding the agency relationship between Stowe and Grecian Delight precluding summary judgment. The plaintiffs also assert that material questions of fact exist regarding the

joint venture relationship between Motorsport and Grecian Delight precluding summary judgment. We disagree.

■ Summary judgment is appropriate when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Champaign National Bank v. Babcock*, 273 Ill. App. 3d 292, 299, 652 N.E.2d 848, 853 (1995). When ruling on a motion for summary judgment, a trial court must view all evidence in the light most favorable to the nonmovant. *Rotzoll v. Overhead Door Corp.*, 289 Ill. App. 3d 410, 413, 681 N.E.2d 156, 158 (1997). We review *de novo* grants of summary judgment. *Malone v. American Cyanamid Co.*, 271 Ill. App. 3d 843, 845, 649 N.E.2d 493, 495 (1995).

The plaintiffs first assert that questions of fact exist regarding whether Stowe was acting as an agent and/or employee of Grecian Delight. Plaintiffs argue that the sponsorship agreement between Grecian Delight and Motorsport created an agency relationship between Stowe and Grecian Delight. Plaintiffs further argue that a question of material fact exists as to the agency relationship because Stowe was driving a Ryder truck rented by Grecian Delight in furtherance of the sponsorship agreement with Motorsport. The plaintiffs also argue that a question of fact exists as to whether Stowe was acting within the scope of his employment as the Ryder truck eventually transported Grecian Delight products after the Olympic Games.

■ An agency is a fiduciary relationship in which the principal has the right to control the agent's conduct and the agent has the power to act on the principal's behalf. *Letsos v. Century 21-New West Realty*, 285 Ill. App. 3d 1056, 1064, 675 N.E.2d 217 (1996). An agent's authority may be either actual or apparent, and actual authority may be either express or implied. *C.A.M. Affiliates, Inc. v. First American Title Insurance Co.*, 306 Ill. App. 3d 1015, 1021, 715 N.E.2d 778 (1999). Only the alleged principal's words and conduct, not those of the alleged agent, establish the agent's authority. *First American Title Insurance Co. v. TCF Bank, F.A.*, 286 Ill. App. 3d 268, 274, 676 N.E.2d 1003 (1997).

■ Generally, the question of whether an agency relationship exists and the scope of the purported agent's authority are questions of fact. *Progress Printing Corp. v. Jane Byrne Political Committee*, 235 Ill. App. 3d 292, 306, 601 N.E.2d 1055 (1992). A principal-agent relationship exists when the principal has the right to control the manner in which the agent performs his work and the agent has the ability to subject the principal to personal liability. *Lang v. Silva*, 306 Ill. App. 3d 960, 972, 715 N.E.2d 708 (1999).

The right to control the actions of another is a hallmark of agency.

Restatement (Second) of Agency § 1, at 7 (1958); see also *Taylor v. Kohli*, 162 Ill. 2d 91, 95-96, 642 N.E.2d 467 (1994) (the principal factor to consider in determining whether a relationship is that of principal/ agent, employer/employee or owner/independent contractor is the right to control the manner in which the work is done); *Hansen v. Caring Professionals, Inc.*, 286 Ill. App. 3d 797, 801, 676 N.E.2d 1349 (1997).

■ Here, the plaintiffs fail to present any facts indicating that Stowe was an agent of Grecian Delight. In fact, the record contains nothing to suggest that any relationship existed between Stowe and Grecian Delight. The record shows that Stowe was employed by Motorsport. Motorsport made the decision to sell products at the Olympic Games in Atlanta. Motorsport determined that three trucks were necessary to transport food products to Atlanta.

The plaintiffs assert that the real issue here is the Ryder truck. We disagree. The real issue is whether Grecian Delight exercised any control over Stowe. Grecian Delight rented a truck using its corporate account; however, the record clearly shows that Grecian Delight did not exercise any control over that truck or its driver. The truck was picked up by a Motorsport employee. Motorsport determined what the truck would carry and who would drive the truck. The truck was carrying Lou Malnati products at the time of the collision. Plaintiffs suggest that this is irrelevant as the intended purpose of the truck was to transport Grecian Delight products. We disagree. The fact that the truck was not even used to carry Grecian Delight products clearly shows that Grecian Delight did not exercise any control over the truck or its driver, Stowe.

Accordingly, we find that no questions of fact exist regarding the relationship between Stowe and Grecian Delight. Further, we find that Grecian Delight did not exercise any control over Stowe and therefore cannot be held liable for the actions of Stowe.

Similarly, the plaintiffs do not present any facts indicating a joint venture relationship between Motorsport and Grecian Delight.

■ A joint venture is an association of two or more persons or entities to carry out a single, specific enterprise for profit. *Groark v. Thorleif Larsen & Son, Inc.*, 231 Ill. App. 3d 61, 66 (1992). Whether a joint venture exists is a matter of the intention of the alleged joint venturers. *Canel & Hale, Ltd. v. Tobin*, 304 Ill. App. 3d 906, 916 (1999). In any joint venture, there must be a community of interest, a proprietary interest in the subject matter, a right to govern the policy in connection therewith, and a sharing in both profit and losses. *Herst v. Chark*, 219 Ill. App. 3d 690, 694 (1991). A formal agreement is not essential to establish a joint venture (*Barton v. Evanston Hospital*, 159 Ill. App.

3d 970, 973 (1987)) and its existence may be inferred from facts and circumstances demonstrating that the parties, in fact, undertook a joint enterprise. *Ambuul v. Swanson*, 162 Ill. App. 3d 1065, 1068 (1987).

■ Plaintiffs first contend that the sponsorship agreement suggests an intention by the parties to carry on a joint venture. The plaintiffs assert that two separate entities entered into an agreement that provides each a business furtherance and that this, at the very least, raises a question of fact regarding Grecian Delight's intention of entering into a joint venture. We disagree.

The sponsorship agreement itself contains nothing indicating either party intended to engage in a joint venture. Certainly, both Motorsport and Grecian Delight expected to benefit from the agreement; however, this does not indicate any intention of a joint venture relationship. In fact, the agreement indicates that Grecian Delight and Motorsport had entirely different interests in the arrangement. Grecian Delight was interested in the exposure of its name and logo while Motorsport was interested in profits from food sales.

The plaintiffs next assert that questions of fact exist regarding whether joint control of property existed between Grecian Delight and Motorsport. The plaintiffs point out that the sponsorship agreement provides that Grecian Delight is the exclusive provider of gyros, pita and sauce food products. The agreement also provides that Motorsport must participate in at least 20 racing events during the term of the agreement. This, the plaintiffs maintain, indicates that Grecian Delight had substantial control over the policy directives of Motorsport. We disagree.

Here, the sponsorship agreement does not indicate any degree of joint control over property. Motorsport determined the events at which it would sell food products. Motorsport determined which food products would be sold. Motorsport determined how the food products would be transported to an event, how the food products would be presented, and the number of Motorsport employees to be employed. The only limitation on this was that Motorsport could not sell "competing" food products. We find no facts indicating that Motorsport and Grecian Delight shared control over any property.

Finally, the plaintiffs contend that a question of fact exists regarding whether the parties shared in profits and losses. The plaintiffs argue that the sponsorship agreement, coupled with the deposition testimony of Grecian Delight's chief executive officer, "clearly indicates that both parties entered into the Agreement seeking to mutually profit from it."

The plaintiffs fail to present any facts indicating that the parties

shared profits or losses. Certainly parties to any business contract seek to profit from that contract. Plaintiffs do not present any facts indicating that Grecian Delight and Motorsport intended to share in profits or losses. The Agreement merely provides that Grecian Delight would provide the food and Motorsport would sell that food. There is nothing in the record that indicates that Grecian Delight would share in any losses Motorsport suffered if the food did not sell. Nor is there anything in the record that indicates that Motorsport shared any profits it gained in selling the food products.

Accordingly, we find that no questions of fact exist regarding the existence of a joint venture relationship between Grecian Delight and Motorsport.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

McNULTY and COUSINS, JJ., concur.[1]

[1]Publication was allowed on October 2, 2002, prior to Justice Cousins' retirement.