MATTHEW LANE, Plaintiff-Appellant, v. RICHARD ANDERSON *et al.*, Defendants-Appellees.

Third District    No. 3—03—0030

Opinion filed January 9, 2004.

William A. Allison (argued), of Bloomington, for appellant.

Murvel Pretorius, Jr. (argued), Matthew B. Smith, and Laura A. Petersen, all of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellees Richard Anderson and Peoria Surgical Group.

Kevin M. Miller, Timothy G. Shelton (argued), and Stephen R. Swofford, all of Hinshaw & Culbertson, of Chicago, for appellees OSF Healthcare Systems and J.B. Joo.

JUSTICE SLATER delivered the opinion of the court:

This is an action for medical malpractice, medical battery and fraud. The plaintiff appeals from the orders of the trial court which denied his motion for summary judgment and granted the defendants' motions to dismiss and motion for summary judgment.

## I. FACTS

### A. Procedural Background

The plaintiff, Matthew Lane, brought this action after he sustained a leak in his small bowel following a laparoscopic appendectomy. Plaintiff originally filed a four-count complaint against the following defendants: Dr. Anderson, the attending physician; Peoria Surgical Group, Dr. Anderson's employer; Dr. Joo, the chief resident who performed the surgery with Dr. Anderson; and OSF Healthcare Systems (OSF), Dr. Joo's employer. Counts I and II are for medical malpractice against Dr. Anderson and Peoria Surgical Group and are not at issue in this appeal. Counts III and IV allege medical battery against Dr. Joo and OSF, respectively.

On February 25, 2002, the plaintiff moved to amend his complaint to add count V, a claim for medical battery against Dr. Anderson. On April 24, 2002, the trial court denied the plaintiff's motion to amend and held that the facts as alleged by the plaintiff did not support a claim for medical battery. On May 23, 2002, the trial court granted the plaintiff leave to amend his complaint to add counts VI, VII and VIII, which alleged fraud by Dr. Anderson, Dr. Joo and OSF, respectively. The plaintiff and the defendants filed various motions on the pleadings.

On October 25, 2002, the trial court denied the plaintiff's motion for summary judgment on count III of the complaint, which alleged medical battery against Dr. Joo. It granted summary judgment in favor of Dr. Joo and OSF Healthcare Systems on counts III and IV, the medical battery counts. It also granted Dr. Anderson's, Dr. Joo's and OSF's motions to dismiss counts VI, VII and VIII, which alleged fraud

against each of them, respectively. The plaintiff appeals from the trial court's orders entered on April 24, 2002, and October 25, 2002.

## B. FACTUAL BACKGROUND

On August 25, 2000, the plaintiff went to see defendant Anderson for recurrent abdominal pain. Dr. Anderson recommended that the plaintiff be hospitalized for a period of observation and possible surgery. After the plaintiff was admitted to the hospital, he signed a "Consent to Surgery/Procedure" form. The relevant language of the consent form is as follows:

> "I, Matthew Lane, hereby authorize Dr[s]. Rossi, Marshall, DeBord and Anderson and such assistants and associates as may be selected by him/her and OSF St. Francis Medical Center to perform the following procedure(s)/treatment(s)upon myself/the patient: diagnostic laparoscopy, possible laparoscopic appendectomy, possible open appendectomy."

Dr. Anderson testified that on the evening of August 25, 2000, he contacted his chief resident at the hospital, Dr. Joo, and asked him to assist with the plaintiff's surgery. The next morning, Dr. Joo and Dr. Anderson met with the plaintiff and Dr. Anderson recommended that the plaintiff have the surgery.

Dr. Anderson explained that the procedure performed on the plaintiff, a laparoscopic appendectomy, requires three hands. Two surgeons are needed to elevate the abdominal wall in order to insert a needle into the abdomen. Additionally, a second surgeon is needed to run the camera while one surgeon works the instruments.

Dr. Anderson was scrubbed, present and involved during the plaintiff's surgery. He both supervised and directed the entire procedure. Throughout the surgery, Dr. Anderson was the primary surgeon and Dr. Joo was his assistant. The primary surgeon is responsible for the patient before and after the operation and for any mistakes that occur during surgery.

Dr. Anderson testified that it is not known what portion of the operation a resident will perform at the beginning of a procedure. In this case, Dr. Joo performed a significant part of the laparoscopic appendectomy.

Dr. Anderson's dictated report of the operation, as well as his handwritten operative report, listed him as the surgeon and Dr. Joo as the assistant. The perioperative record for surgical services listed Dr. Anderson as the primary surgeon and Dr. Joo as the resident. The pathology report contained only Dr. Anderson's name as the physician who performed the surgery.

In his deposition testimony, Dr. Joo stated that in August 2000 he was a fifth-year resident in the surgery residency program at St. Fran-

cis Medical Center. On August 26, 2000, he examined the plaintiff. Dr. Joo said it was his habit to introduce himself to a patient as the chief resident and as Dr. Anderson's assistant. Shortly before the operation, he and Dr. Anderson met with the plaintiff and recommended that he have the surgery. Dr. Joo said that it was probably after this meeting that he told Dr. Anderson that he would like to assist him in the surgery.

Dr. Joo testified that it was his habit to be waiting for the patient when he was brought into the operating room. He would have then spoken to the plaintiff to reassure him. Immediately before the operation, Dr. Joo signed the bottom of the plaintiff's consent form which identified the plaintiff as the patient and confirmed the procedure to be performed.

Dr. Joo testified that the laparoscopic appendectomy procedure that the plaintiff underwent required the use of three hands during the procedure. It is not possible for a single surgeon to perform the procedure. Typically, both the supervising surgeon and the resident participate in almost all aspects of the surgery.

## II. ANALYSIS

### A. Counts III and IV of the Complaint

#### 1. *Plaintiff's Motion for Summary Judgment*

■ On appeal, the plaintiff argues that the trial court erred in denying his motion for summary judgment on count III of his complaint, which alleged medical battery against Dr. Joo. The denial of a motion for summary judgment is not a final and appealable order. *Blott v. Hanson*, 283 Ill. App. 3d 656, 670 N.E.2d 345 (1996). The denial of the plaintiff's motion for summary judgment as to count III is not appealable as a matter of law.

#### 2. *Defendants Joo's and OSF's Motions for Summary Judgment*

Next, the plaintiff argues that the trial court erred in granting summary judgment in favor of Dr. Joo and OSF on counts III and IV of the complaint, which alleged medical battery against each of them. The plaintiff argues that Dr. Joo committed medical battery when the treatment plaintiff received varied substantially with the consent that he gave when he signed the "Consent to Surgery/Procedure" form. Specifically, he argues that Dr. Joo performed a majority of the surgery and he did not consent to that degree of participation by a doctor not specifically listed on the consent form. As support for his contention, he cites to *Guebard v. Jabaay*, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983). Finally, he claims that OSF, as Dr. Joo's employer, is vicariously liable.

■ A motion for summary judgment will be granted when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000); *Purtill v. Hess*, 111 Ill. 2d 229, 489 N.E.2d 867 (1986). An appellate court will review the grant of a motion for summary judgment on a *de novo* basis. *Kellner v. Bartman*, 250 Ill. App. 3d 1030, 620 N.E.2d 607 (1993).

■ In a medical battery case, a plaintiff may recover by establishing the following: (1) a total lack of consent to the procedure performed; (2) the treatment was contrary to the patient's will; or (3) the treatment was at substantial variance with the consent granted. *Curtis v. Jaskey*, 326 Ill. App. 3d 90, 759 N.E.2d 962 (2001).

■ Here, the facts do not show that the treatment the plaintiff received was at substantial variance with the consent the plaintiff granted. The "Consent to Surgery/Procedure" form that the plaintiff executed stated that he authorized "Dr. Rossi, Marshall, DeBord, and Anderson *and such assistants and associates as may be selected by him/her and OSF St. Francis Medical Center*" (emphasis added) to perform upon him a laparoscopic appendectomy. It is undisputed that more than one surgeon is needed to perform this procedure. It is typical for both the supervising surgeon and the resident to participate in virtually all aspects of the procedure. Dr. Anderson was scrubbed, present and involved during the entire procedure. He was the primary surgeon, and Dr. Joo was his assistant. As the primary surgeon, Dr. Anderson was responsible for the plaintiff during the entire operation, including being responsible for any mistakes that occurred during the procedure. Dr. Anderson guided Dr. Joo throughout the entire procedure and made all of the decisions and necessary judgments. Everything Dr. Joo did was subject to Dr. Anderson's approval. Further, all pertinent operative reports, including Dr. Anderson's dictated report of operation, his handwritten operative report and the perioperative record for surgical services, listed Dr. Anderson as the surgeon and Dr. Joo as the assistant. The pathology report was sent to Dr. Anderson as the physician who performed the surgery and contained only his name. Dr. Anderson was the operating surgeon in this case, regardless of the degree to which Dr. Joo participated. The plaintiff consented to Dr. Anderson and his assistant to perform the surgery, and that is what was done.

The plaintiff cites to the Second District's opinion in *Guebard v. Jabaay*, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983), as authority for the proposition that a medical battery occurred in this case. Specifically, the plaintiff alleges: (1) the facts in the *Guebard* case are nearly identi-

cal to the instant case; and (2) *Guebard* held, as a matter of law, that the resident in that case had committed medical battery. See *Guebard*, 117 Ill. App. 3d 1, 452 N.E.2d 751. We disagree with both of the plaintiff's allegations.

In *Guebard*, the plaintiff sued her surgeon, Dr. Jabaay, after two failed knee surgeries. She alleged that Dr. Jabaay violated the doctrine of informed consent when he failed to inform her that a resident would perform the first surgery. She also filed a battery claim, but withdrew it before the case went to the jury. *Guebard*, 117 Ill. App. 3d at 4, 452 N.E.2d at 754. The jury returned a verdict for Dr. Jabaay. On appeal, the Second District held that the doctrine of informed consent did not apply in this case. *Guebard*, 117 Ill. App. 3d at 7, 452 N.E.2d at 756. However, in *dicta*, the court noted that the plaintiff may have had a cause of action for battery. *Guebard*, 117 Ill. App. 3d at 8, 452 N.E.2d at 756. However, the plaintiff had no recourse since she had withdrawn her battery claim.

Although the facts in *Guebard* are similar to the instant case, they contain some important distinctions. In *Guebard*, the handwritten report of the operation indicated that the surgery was performed by the resident. Further, other typewritten notes indicated that Dr. Jabaay was the assistant. Conversely, in the instant case, all pertinent operative reports listed Dr. Anderson as the surgeon and Dr. Joo as the assistant.

Further, *Guebard* did not hold, as a matter of law, that the resident in that case had committed medical battery. See *Guebard v. Jabaay*, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983). Battery was not an issue in *Guebard*. The only issue before the court was whether the plaintiff could recover on her informed consent count. The parties did not brief the medical battery issue, nor did the court decide the issue in ruling for Dr. Jabaay on the informed consent count. Therefore, the ruling in the *Guebard* case does not affect the disposition of the instant case. See *Guebard v. Jabaay*, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983). The trial court properly granted summary judgment in favor of defendants Joo and OSF on counts III and IV of the complaint.

### B. Count V of the Complaint

■ The plaintiff next argues that the facts he alleged in count V of his complaint were sufficient to state a cause of action for medical battery against Dr. Anderson. In essence, the plaintiff is arguing that the trial court erred in denying his motion for leave to amend his complaint to add count V. The plaintiff acknowledges that if this court finds summary judgment in favor of Dr. Joo was proper, then we need not reach this issue because count V is predicated on Dr. Anderson's

vicarious liability for the alleged medical battery committed by Dr. Joo.

Since the trial court properly granted summary judgment for Dr. Joo and OSF on the medical battery counts, we find that the facts alleged in count V of the complaint do not sufficiently support a claim for medical battery against Dr. Anderson.

## C. Count VI of the Complaint

The plaintiff contends that the trial court erred in granting Dr. Anderson's motion to dismiss count VI of the complaint. In count VI, the plaintiff alleges that Dr. Anderson committed fraud when he: (1) represented to the plaintiff that he would be performing the surgery when he knew that Dr. Joo had the option to be the operating surgeon; and (2) later concealed the fact that Dr. Joo had chosen to do the surgery and Dr. Anderson instead assisted Dr. Joo. In the alternative, the plaintiff argues that the trial court erred in dismissing count VI of the complaint because it contained genuine issues of material fact.

■ In ruling upon a motion to dismiss, a trial court accepts as true all well-pled facts, as well as all reasonable inferences favorable to the party opposing the motion which may be drawn from the facts. *Richardson v. Dunbar*, 95 Ill. App. 3d 254, 419 N.E.2d 1205 (1981). The court does not, however, accept as true mere conclusions of law or fact. *Payne v. Mill Race Inn*, 152 Ill. App. 3d 269, 504 N.E.2d 193 (1987). The grant of a motion to dismiss will be reviewed on a *de novo* basis. *Ramos v. City of Peru*, 333 Ill. App. 3d 75, 775 N.E.2d 184 (2002).

■ To prove that a concealment constituted a fraudulent misrepresentation, a plaintiff must prove: (1) the concealment was of a material fact; (2) the concealment was intended to induce a false belief; (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently if he had been aware of it; and (5) the reliance by the person from whom the fact was concealed led to his injury. *Williams v. Chicago Osteopathic Health Systems*, 274 Ill. App. 3d 1039, 654 N.E.2d 613 (1995).

■ Here, the plaintiff argues that Dr. Anderson fraudulently concealed that Dr. Joo would be the operating surgeon. The deposition testimony is clear, however, that Dr. Anderson, not Dr. Joo, was the operating surgeon in this case. Dr. Anderson was present for and participated in all aspects of the surgery. He directed all of Dr. Joo's movements, and he alone was responsible for the plaintiff throughout the surgery. The degree of Dr. Joo's participation did not change his role from assisting physician to operating surgeon.

In the alternative, the plaintiff contends that count VI should not have been dismissed because genuine issues of material fact exist regarding which physician acted as the operating surgeon and which physician acted as the assistant during the plaintiff's procedure. We have reviewed the pleadings and find no genuine issue of material fact that would preclude the dismissal of count VI. The undisputed facts show that the plaintiff executed a broad consent form that authorized four surgeons and "such associates and assistants" as they selected to "perform" the procedure. There was no limitation on the consent given. Dr. Anderson was the operating surgeon regardless of the degree to which Dr. Joo participated. The allegations raised by the plaintiff are simply contrary to those facts. See *Burton v. County of Jackson*, 246 Ill. App. 3d 677, 616 N.E.2d 662 (1993) (allegations in a complaint are insufficient to raise a genuine issue of material fact where the affidavits and depositions that support a motion for summary judgment set forth facts to the contrary). Therefore, the trial court properly dismissed count VI of the complaint.

## D. Counts VII and VIII of the Complaint

The plaintiff next argues that Dr. Joo and OSF are liable for the fraud allegedly committed by Dr. Anderson. Since we have found that Dr. Anderson was not liable for fraud under count VI, we likewise find that the trial court properly dismissed counts VII and VIII of the complaint alleging fraud against Dr. Joo and OSF, respectively.

## E. Punitive Damages

Finally, the plaintiff argues that if the pleadings in counts VI, VII and VIII state a cause of action for fraud, then he is entitled to recover punitive damages. Counts VI, VII and VIII do not state a cause of action for fraud. Therefore, we need not determine whether the plaintiff is entitled to punitive damages on those counts.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and LYTTON, JJ., concur.