2015 IL App (3d) 140964

Opinion filed December 14, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| PENNYMAC CORPORATION, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-14-0964 |
| | ) | Circuit No. 08-CH-4004 |
| EDWARD COLLEY, JR., and | ) | |
| CAROL J. COLLEY, | ) | Honorable |
| | ) | Thomas A. Thanas |
| Defendants-Appellants | ) | Judge, Presiding |
| | ) | |
| | ) | |
| | ) | |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff CitiMortgage filed a complaint for foreclosure against defendants Edward and Carol Colley.  During the pendency of the proceedings, CitiMortgage assigned its interest in the mortgage and note to plaintiff PennyMac Corp. CitiMortgage moved for summary judgment and to amend the pleadings to name PennyMac as plaintiff. The trial court granted both motions and also granted PennyMac's motion to confirm the judicial sale.  Colley appealed. We affirm.

¶ 2                                        FACTS

¶ 3          Defendants Edward Colley and Carol Colley (collectively Colley) entered into a mortgage contract with CitiMortgage and executed a promissory note. Colley defaulted on the payments and CitiMortgage filed a complaint for foreclosure in September 2008. Attached to the complaint were the mortgage agreement and note. The case was stricken from the call and refiled several times. In December 2010, the case was dismissed without prejudice on CitiMortgage's motion but later reinstated.

¶ 4          In November 2013, CitiMortgage filed motions for foreclosure and sale, to substitute plaintiffs, to amend the pleadings, and for summary judgment. Attached to the motion to substitute was a copy of the assignment transferring interest in the foreclosure property from CitiMortgage to PennyMac Corporation. The assignment established that it was executed on March 10, 2010 by M. Arndt, a CitiMortgage vice president, and prepared by M.E. Wileman of Orion Financial Group, Inc. Attached to the summary judgment motion was a proveup affidavit executed by Teri Gerrish, a default specialist for PennyMac Loan Services. Gerrish attested that she was "familiar with the books and records of PennyMac Loan Services, LLC as servicer and has personally examined them." Gerrish further attested that the "records are maintained in the ordinary course of business made at or near the time of the event by or from information provided by a person with knowledge" and it was "the regular practice to make and keep these records." Finally, Gerrish attested that she personally examined the records and that $585,090.54 was due and owing on the mortgage and note.

¶ 5          The motion to substitute party plaintiff and the motion to amend the pleadings sought to have PennyMac substituted as the plaintiff because it became the holder of the promissory note. The assignment of mortgage to PennyMac, which was executed by M. Arndt, a CitiMortgage vice president, was attached to the motion to substitute. In response, Colley challenged the

motion for summary judgment and the Gerrish affidavit. The trial court entered orders of default, summary judgment, and judgment of foreclosure and sale. It also granted CitiMortgage's motion to amend the pleadings to substitute PennyMac as plaintiff. The trial court did not rule on CitiMortgage's motion to substitute plaintiff but the trial court's subsequent orders captioned PennyMac as the plaintiff.

¶ 6    A notice of sale was filed and Colley moved to stay the foreclosure sale. Colley argued that PennyMac was never substituted as plaintiff; CitiMortgage untimely brought its motion to substitute; and the assignment could not be considered valid as the signatory, M. Arndt, did not have the requisite knowledge of the transfer or authority to make the transfer. Colley attached as exhibits a LinkedIn profile of M. Arndt and a July 2011 article in *Further Fraud Digest*. The profile identifies M. Arndt as a document specialist at Orion Financial Group. The article, entitled "Who's Signing Now?" names Arndt as a nationally known document robosigner. The trial court denied Colley's motion to stay the sale and the property was sold in October 2014. The trial court approved the report of sale and distribution and order for possession and eviction. Colley appealed.

¶ 7                                    ANALYSIS

¶ 8    On appeal, Colley argues that the trial court erred when it denied the motion for stay and confirmed the judicial sale, and when it granted summary judgment in PennyMac's favor.

¶ 9    In the first issue, Colley challenges the trial court's denial of the motion to stay the sale and its grant of PennyMac's motion to confirm the sale. Colley submits they demonstrated that PennyMac lacked standing and argues that CitiMortgage's request to substitute plaintiff was untimely, and that the assignment did not establish PennyMac's standing.

3

¶ 10     As part of its inherent authority to control its docket, the trial court may stay proceedings to control the disposition of cases before it. *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 901 (1998). Factors the trial court may consider to determine whether to stay proceedings are the orderly administration of justice and judicial economy. *Philips Electronics*, 295 Ill. App. 3d at 901-02. A trial court is required to confirm a judicial sale following a hearing unless one of four exceptions applies: (1) lack of notice under section 15-1507 (735 ILCS 5/15-1507 (West 2012)); (2) the sale terms were unconscionable; (3) the sale was fraudulently conducted; or (4) "justice was otherwise not done." 735 ILCS 5/15-1508(b)(iv) (West 2012); *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). We will not disturb a trial court's decisions to deny a stay and to confirm a judicial sale unless they were an abuse of discretion. *Philips Electronics*, 295 Ill. App. 3d at 902; *Lewis*, 229 Ill. 2d at 178-79.

¶ 11     Standing is determined as of the time the complaint is filed. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 15, *as modified on denial of reh'g* (Dec. 28, 2012). Lack of standing is an affirmative defense that is waived if not timely raised. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010) (quoting *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988)). When a party fails to timely challenge standing and participates in, and benefits from, the proceedings, it has waived the issue of standing. *Deutsche Bank National Trust Co. v. Snick*, 2011 IL App (3d) 100436, ¶ 9. Where the plaintiff has moved for confirmation of the sale, it is too late for the defendant to assert a standing defense. *Snick*, 2011 IL App (3d) 100436, ¶ 9. The burden of disproving standing is on the party asserting lack of it. *Gilbert*, 2012 IL App (2d) 120164, ¶ 15, *as modified on denial of reh'g* (Dec. 28, 2012).

4

¶ 12     Colley did not challenge PennyMac's standing until the hearing on the motion to confirm the judicial sale. By that point in the proceedings, Colley had forfeited the affirmative defense of standing and the trial court was required to confirm the sale unless one of the statutory grounds applied. Colley argues the ground of "unless justice otherwise requires" applies to the circumstances at bar and requires reversal of the order confirming the judicial sale. According to Colley, PennyMac should have sought leave to file an amended complaint based on the assignment from CitiMortgage, CitiMortgage's request to substitute plaintiffs was untimely filed nearly two years after the assignment, and PennyMac was never substituted as a plaintiff. We disagree.

¶ 13     CitiMortgage filed a complaint for foreclosure in 2008, alleging that it held the mortgage and it attached copies of the mortgage and promissory note to the complaint. In March 2010, CitiMortgage assigned its interest in the foreclosed property to PennyMac, as evidenced by the assignment filed as an exhibit in May 2012. Also in May 2012, CitiMortgage filed its first motion to substitute plaintiff. It filed a subsequent motion to substitute plaintiff again in November 2013. The trial court did not rule on either motion to substitute but it did grant CitiMortgage's motion to amend the pleadings on their face. In the motion to amend, CitiMortgage sought to substitute PennyMac as plaintiff for CitiMortgage.

¶ 14     That CitiMortgage waited more than two years after the assignment to substitute PennyMac as the plaintiff is of no relevance. For whatever reason that CitiMortgage continued in the proceedings after the assignment, it was "master" of its cause of action. *Lewis*, 229 Ill. 2d at 180. There were no improprieties in the assignment and Colley was neither surprised nor prejudiced by the change of plaintiff. In the later proceedings, both parties referenced PennyMac as the plaintiff and the captions on the court orders also identified PennyMac as the plaintiff.

None of Colley's arguments are persuasive and do not necessitate that the sale be rejected based on the claim that PennyMac lacked standing.

¶ 15 The next issue is whether the trial court erred in granting PennyMac's motion for summary judgment. Colley argues that she raised an issue of fact regarding the sufficiency of the affidavit filed by PennyMac in support of the motion. She submits that the affiant lacked personal knowledge and that the appropriate business records were not attached.

¶ 16 Summary judgment should be granted when the pleadings, depositions, and affidavits, if any, establish there is no genuine issue of material fact. 735 ILCS 5/2-1005(c) (West 2012). An affidavit that is filed in support of a summary judgment motion must comply with Illinois Supreme Court Rule 191(a) (eff. July 1, 2002). *Collins v. St. Paul Mercury Insurance Co.*, 381 Ill. App. 3d 41, 46 (2008). The requirements of Rule 191 include the affidavit be made on the affiant's personal knowledge, set forth with particularity the facts on which the claim is based, have attached sworn or certified copies of all documents on which the affiant relied, be based on admissible facts and not consist of conclusions; and show affirmatively that the affiant could testify competently to the facts if sworn as a witness. Ill. S. Ct. R. 191(a) (eff. July 1, 2002). The failure to attach supporting documents is fatal to the submission of the affidavit as substantive evidence. *Preze v. Borden Chemical, Inc.*, 336 Ill. App. 3d 52, 57 (2002).

¶ 17 A business record is admissible when a foundation is established demonstrating: (1) the transaction was made in the regular course of business and (2) it was the regular course of business to make the record at the time of, or within a reasonable time after, the transaction. Ill. S. Ct. R. 236 (eff. Aug. 1, 1992). Other circumstances concerning the making of the record, such as lack of personal knowledge, goes to the weight of the evidence and not its admissibility. Ill. S. Ct. R. 236 (eff. Aug. 1, 1992). It is the business record itself that is admissible, not the

6

witness's testimony *Champaign National Bank v. Babcock*, 273 Ill. App. 3d 292, 298 (1995). Where the business record includes a mass of documents, the documents are available for the non-moving party to examine, and the computations are not questioned, a summary of loan documents may be attached to an affidavit in support of summary judgment. See *Cole Taylor Bank v. Corrigan*, 230 Ill. App. 3d 122, 129 (1992); *Babcock*, 273 Ill. App. 3d at 298. When the party opposing the motion fails to file counteraffidavits, the material facts that were set forth in the movant's affidavit must be taken as admitted. *Babcock*, 273 Ill. App. 3d at 299. We consider the propriety of an affidavit submitted in support of a summary judgment motion *de novo*. *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 18 (quoting *Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001)).

¶ 18        Some of the documents in this case are filed out of order. However, the documents filed the same date as the summary judgment motion included the Gerrish affidavit and a payment history on the mortgage account. The other relevant bank reports were filed with the trial court and were available for inspection. The affidavit was properly supported with the attached payment history and, as proper under the summary document rule, the remaining documents were available for inspection. The Gerrish affidavit established that the affiant had access to the loan records, had personally examined them, had personal knowledge of how the records were kept and maintained, and that the records were maintained in the ordinary course of business made at or near the time of the loan servicing by or from information that was provided by a person with the applicable knowledge. The affiant also attested that $585,090.54 was due and owing.

¶ 19        The attached payment history, with other documents filed with the court, satisfied the requirements for summary judgment proveup affidavits. Colley's argument that summary

7

judgment was improperly entered because the Gerrish affidavit was insufficient must therefore fail. Moreover, Colley did not file any counteraffidavits challenging the facts in the Gerrish affidavit, thus, the facts must be taken as true. In the affidavit, Gerrish attests that Colley defaulted on the loan and there were amounts due and owing on the loan. Because Colley failed to raise any genuine issue of material fact, the trial court's grant of summary judgment in favor of PennyMac on its foreclosure claim was not in error.

¶ 20    Based on the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 21    Affirmed.