2021 IL App (1st) 191555-U

FIFTH DIVISION
MARCH 31, 2021

No. 1-19-1555

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee for Bear Stearns ARM Trust 2006-1, Mortgage Backed Notes, Series 2006-1, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | |
| BMO HARRIS BANK N.A. s/b/m to Harris Bank Barrington National Association, as Trustee u/t/a dated August 24, 1994, known as Trust Number 11-5022; BMO HARRIS BANK N.A. s/b/m to Harris N.A., as Trustee and not personally under the provisions of a Trust Agreement dated the 24th of August, 1994, known as Trust Number 11-5022; UNKNOWN BENEFICIARIES of Trust Agreement Dated the 24th of August, 1994, known as Trust Number 11-5022; HARRY L. DAVIS; CHRISTINE M. DAVIS; AMERICAN CHARTERED BANK; THE STONERIDGE PROPERTY OWNERS' ASSOCIATION; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 13 CH 8813 |
| Defendants | ) ) ) | Honorable William B. Sullivan and |
| (Harry L. Davis and Christine M. Davis, Defendants-Appellants). | ) ) | Freddrenna M. Lyle, Judges Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.

Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying the defendants' emergency motion to stay
the judicial sale or in granting the plaintiff's motion to confirm the sale.

¶ 2    The plaintiff-appellee, U.S. Bank National Association (the Bank), initiated a foreclosure

action against the defendants-appellants, Harry and Christine Davis (the Davises), in the circuit

court of Cook County. The circuit court denied the Davises' emergency motion to stay the judicial

sale and granted the Bank's motion to confirm the sale. The Davises now appeal. For the following

reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                        BACKGROUND

¶ 4    On October 28, 2005, the Davises signed a promissory note in the amount of $1,000,000.

The promissory note was secured by a mortgage on a property located at 18 Stone Ridge Drive in

Barrington, Illinois (the property). Wells Fargo Bank was the mortgagee.[1]

¶ 5    On April 2, 2013, the Bank filed a foreclosure complaint against the Davises. On August

22, 2014, the Davises filed their answer and raised three affirmative defenses: (1) that the Bank

failed to send a notice of default; (2) that the Bank failed to send a grace period notice; and (3) the

Bank lacked standing to proceed with the foreclosure.

¶ 6    On September 28, 2015, the Bank filed a motion for summary judgment. The Bank attached

an affidavit from an employee of Wells Fargo Bank which stated the amounts due and owing. The

bank also attached a loss mitigation affidavit from a different employee of Wells Fargo Bank

attesting to the bank's mitigation efforts. The Davises responded to the Bank's motion for

_____

[1]Wells Fargo Bank is the Bank's predecessor-in-interest.

summary judgment by arguing that genuine issues of material fact existed regarding the notice of default and the grace period notice.

¶ 7   The Bank filed a reply in support of its motion for summary judgment in which it attached an affidavit showing that it had sent a notice of default as well as a notice regarding the grace period to the Davises. The Davises then filed a sur-response to the motion for summary judgment. Their sur-response stated:

> "[A]t this time, [the Davises] have applied for a loan modification. [The Bank's] loss mitigation affidavit provided pursuant to Illinois Supreme Court Rule 114 states that this loan is eligible for proprietary loss mitigation options. * * * [The Davises] were unable to previously apply for loss mitigation due to a cross-collateralization on their property held by American Chartered Bank, which was transferred to Gulf Coast Bank. As of February, 2016, the cross-collateralization was released as part of a settlement of litigation [ ]. * * * [The Davises] submitted an application for modification to [the Bank], and on March 5, 2016, they received a letter from [the Bank] confirming receipt of that paperwork had been received. * * * [The Davises] submit that the present Rule 114 Loss Mitigation Affidavit before this Court no longer adequately informs this Court of the status of ongoing loss mitigation. [The Davises] believe that this litigation may be resolved through a loan modification and continue to actively seek resolution through non-judicial means. [The Davises] respectfully request that this Court continue [the Bank's] motion for judgment until such time as their submission for a loan modification may be reviewed."

¶ 8       The Bank filed a sur-reply in support of its motion for summary judgment, stating that the Davises' sur-response was not within the scope of sur-briefing concerning the Bank's affidavit of mailing. The Bank also argued that its loss mitigation affidavit complied with Illinois law.

¶ 9       On May 9, 2016, the trial court granted the Bank's motion for summary judgment and entered an order of judgment for foreclosure and sale.

¶ 10      On October 19, 2017, the Davises filed a motion for referral for foreclosure mediation, requesting that the case be referred to mediation as a resolution. In their motion, the Davises stated that there was a pending civil complaint in the United States District Court, Northern District of Illinois, against Wells Fargo Home Mortgage (WFHM) for violations of the Real Estate Settlement Procedure Act (RESPA), and that the federal court had entered an order staying the federal court proceedings pending resolution of this case. The trial court denied the motion.

¶ 11      On February 7, 2018, the Bank filed a notice of sale stating that the property was going to be sold on March 12, 2018. The Davises filed an emergency motion to stay the March 12, 2018, judicial sale. In their motion, the Davises stated that they had mailed a written notice of error (NOE) pursuant to section 1024.35 of RESPA (12 C.F.R. § 1024.35 (2018)) to the servicer of their loan, WFHM. The NOE asserted that WFHM incorrectly denied the Davises a loan modification. The Davises argued before the trial court that the March 12, 2018, judicial sale could not proceed until WFHM responded to their NOE, since section 1024.35(a) of RESPA requires a loan servicer to respond to a NOE and to cure any errors.

¶ 12      On March 7, 2018, the trial court granted the Davises' emergency motion to stay the March 12, 2018, judicial sale. The order stated that the judicial sale was stayed through May 2, 2018, and

that the Bank may proceed with the sale on May 3, 2018, or thereafter, without further order of the court.

¶ 13    A judicial sale of the property was scheduled for May 4, 2018. On May 2, 2018, the Davises filed another emergency motion to stay the sale. The motion repeated the same argument that the judicial sale could not proceed because their NOE was still pending with WFHM pursuant to RESPA. The motion averred that the Davises did receive a letter from WFHM in response to their NOE, stating that it had reviewed the information related to the mortgage and determined that the Davises were not eligible to be reviewed for assistance, but the letter did not address the Davises' loan modification, which was the subject of the NOE. The Davises' motion made the additional argument that the Bank had not provided notice of the May 4, 2018, judicial sale.

¶ 14    On May 3, 2018, the trial court denied the Davises' emergency motion to stay the May 4, 2018, judicial sale. On May 4, 2018, the judicial sale was held.

¶ 15    On May 21, 2018, the Bank filed a motion to confirm the sale. In response, the Davises stated that the Bank's motion to confirm the sale should be denied because the May 4, 2018, judicial sale violated section 1024.35 of RESPA. The Davises further argued that justice was not otherwise done because WFHM "consistently misrepresented that the May 4, 2018 sale would be cancelled in order for [WFMH] to respond to" the Davises' NOE.

¶ 16    The Bank filed a reply in support of its motion to confirm the sale, in which it claimed that the May 4, 2018, judicial sale was conducted properly, the Davises had notice of the sale, and they were not prevented from objecting to the sale. The Bank's reply further argued that RESPA is inapplicable to the Davises' mortgage because it was not a federal or federally related loan, and so

any alleged violation of RESPA was an insufficient reason for the trial court to not confirm the sale.

¶ 17    On May 8, 2019, the trial court conducted a hearing on the motion to confirm the sale and allowed additional briefs regarding WFHM's letter in response to the Davises' NOE. The Davises filed a sur-response objecting to the Bank's motion to confirm the sale, arguing that WFHM's letter was proof that the Bank had conducted the May 4, 2018, judicial sale in violation of RESPA. They also argued that justice was not otherwise done because WFHM made misrepresentations regarding the judicial sale to the detriment of the Davises.

¶ 18    On June 25, 2019, the trial court granted the Bank's motion to confirm the sale and entered an order confirming the judicial sale of the property. The Davises subsequently appealed.

¶ 19                                    ANALYSIS

¶ 1    We note that we have jurisdiction to review this matter, as the Davises filed a timely notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 20    On appeal, the Davises challenge the trial court's denial of their emergency motion to stay the May 4, 2018, judicial sale and its grant of the Bank's motion to confirm the sale. The basis of their argument is that the judicial sale was improperly conducted in violation of RESPA. Specifically, they claim that, pursuant to RESPA, if a loan servicer receives a NOE prior to a scheduled judicial sale, the sale should be cancelled or postponed to cure the error. The Davises claim that because both the Bank and WFHM did not properly respond to their NOE, the Bank should not have been able to proceed with the May 4, 2018, judicial sale. They further argue that WFHM made numerous misrepresentations concerning the judicial sale which prejudiced them.

Accordingly, the Davises argue that the trial court erred when it denied their emergency motion to stay the sale and granted the Bank's motion to confirm the sale.

¶ 21    The trial court has an inherent authority to stay proceedings to control the disposition of cases before it. *PennyMac Corp. v. Colley*, 2015 IL App (3d) 140964, ¶ 10. "Factors the trial court may consider, to determine whether to stay proceedings are the orderly administration of justice and judicial economy." *Id.* A trial court is required to confirm a judicial sale unless one of four exceptions applies: (1) lack of notice; (2) the sale terms were unconscionable; (3) the sale was fraudulently conducted; or (4) justice was otherwise not done. 735 ILCS 5/15–1508(b) (West 2018); *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 18. We will not disturb a trial court's ruling to deny a stay and to confirm a judicial sale absent an abuse of discretion. *Colley*, 2015 IL App (3d) 140964, ¶ 10.

¶ 22    As an initial matter, we note that the Davises failed to include in the record on appeal, the transcripts from any of the hearings in this case, nor did they include any alternative statements such as a bystander's report or an agreed statement of facts. The appellant has the burden to present a sufficiently complete record to this court of appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391–92 (1984). And in the absence of transcripts, or other acceptable renditions of the trial court proceedings, it is presumed that the trial court acted in conformity with the law and that the findings were based on the evidence presented. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19.

¶ 23    In this case, there is nothing in the record to indicate that the trial court abused its discretion in denying the Davises' motion to stay the May 4, 2018, judicial sale, nor in the trial court's confirmation of the sale. The crux of the Davises' argument is that they sent a NOE to WFHM

concerning their loan modification, to which the WFHM and/or the Bank failed to properly respond, in violation of section 1024.35(a) of RESPA. It should be noted that the Davises refer to the Bank and WFHM interchangeably, even though WFHM was their loan servicer, for which section 1024.35(a) of RESPA would apply. It is clear, that the Bank could not have violated RESPA since it is not the servicer of the loan.

¶ 24 Nevertheless, a RESPA violation is not a defense for staying a judicial sale during foreclosure proceedings. Section 1024.35(i)(2) of RESPA provides for remedies of any violations and explicitly states:

> "Except as set forth in this section with respect to an assertion of error under paragraph (b)(9) or (10) of this section, nothing in this section shall limit or restrict a lender or servicer from pursuing any remedy it has under applicable law, including initiating foreclosure or proceeding with a foreclosure sale."
>
> 12 C.F.R. § 1024.35(i)(2) (2018).

Further, section 2615 of Title 12 of the United States Code governing RESPA provides:

> "Nothing in this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan."
>
> 12 U.S.C. § 2615 (West 2018).

¶ 25 The parties make numerous arguments concerning whether the loan at issue is a federal loan, whether the error alleged by the Davises is one of the covered errors in section 1024.35(b), and whether WFHM even committed the error. That is all irrelevant, however, as the thrust of the Davises' argument is that the trial court should have stayed the judicial sale due to a RESPA

violation, *but an alleged RESPA violation is not a defense to foreclosure* which would warrant staying the judicial sale.

¶ 26    Further, the Davises' arguments do not establish that the May 4, 2018, judicial sale prejudiced them such that justice was not otherwise done. See *McCluskey*, 2013 IL 115469, ¶ 25 (objections to a confirmation of a judicial sale cannot be based simply on a meritorious pleading defense to the underlying foreclosure complaint). Nothing in the record shows that the judicial sale was conducted in a way that was a detriment to the Davises. For example, they did not lack notice of the sale, nor were they prevented from objecting to it. See *NAB Bank v. LaSalle Bank, N.A.*, 2013 IL App (1st) 121147, ¶ 19 (the justice-not-otherwise-done exception is a narrow window through which courts can undo sales because of serious defects in the *actual sale process*, and not because of alleged errors in the process leading up to the underlying judgment). Accordingly, the trial court did not abuse its discretion in denying the Davises' emergency motion to stay the May 4, 2018, judicial sale and in granting the Bank's motion to confirm the sale. We therefore affirm the judgment of the trial court.

¶ 27                                    CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.