2022 IL App (1st) 220193-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
September 27, 2022

No. 1-22-0193

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| ATHENE ANNUITY & LIFE ASSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County |
| | ) | |
| TERRI WEATHERSBY a/k/a TERRI L. | ) | No. 19 CH 7895 |
| WEATHERSBY, BRENDA WEATHERSBY a/k/a | ) | |
| BRENDA D. WEATHERSBY, UNKNOWN OWNERS | ) | The Honorable |
| and NON-RECORD CLAIMANTS, | ) | Joel Chupack, |
| | ) | Judge Presiding. |
| Defendants | ) | |
| | ) | |
| (Terri Weathersby and Brenda Weathersby, Defendants- | ) | |
| Appellants). | ) | |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Trial court's denial of motion to vacate default judgment of foreclosure and stay judicial sale is affirmed.

¶ 2    The defendants, Terri Weathersby and Brenda Weathersby, appeal the trial court's denial of their motion to vacate the order of default and judgment of foreclosure entered against them and

in favor of the plaintiff, Athene Annuity & Life Assurance Company, as well as its denial of their motion to stay a judicial sale. We affirm the judgment of the trial court.

¶ 3       On July 1, 2019, the plaintiff filed its complaint in this mortgage foreclosure action against the defendants with respect to a residential property on Loomis Avenue in Homewood (subject property). The defendants were served with summons and the complaint on July 14, 2019.

¶ 4       On January 3, 2020, the plaintiff filed a motion for entry of an order of default against the defendants based on their failure to file an appearance or answer. The plaintiff also filed a motion for entry of a judgment of foreclosure and order of sale based upon that default. On January 23, 2020, the trial court granted both motions. In its judgment of foreclosure, the court made a finding that a total of $296,576.63 was due to the plaintiff under the mortgage and note at issue as of that date. The order further provided in pertinent part that the statutory redemption period expired on April 23, 2020, and that unless the defendants paid the required redemption amount within that time, the subject premises would be sold thereafter through a judicial sale.

¶ 5       The record on appeal reflects that on January 27, 2020, the clerk of the circuit court sent notice of the entry of default and judgment of foreclosure to the defendants, addressed to them at the subject property. That notice stated, "You may be entitled to file a Motion to Vacate this order. Any such motion should be filed as soon as possible." The defendants deny that they lived at the subject property during this time. The record also reflects that on March 10, 2020, the selling officer that had been designated by the court to conduct the sale of the subject property mailed to the defendants, at the address of the subject property, a notice that it was scheduled for sale through public auction on April 24, 2020.

¶ 6       Soon thereafter, sales in foreclosure cases were halted because of the COVID-19 pandemic, and thus the scheduled auction did not proceed. The record indicates that on May 29, 2020, the

designated selling officer mailed a second notice of sale to the defendants, stating that the subject property would be sold at public auction on July 13, 2020. However, various orders by the chief judge of the circuit court of Cook County and the presiding judge of the chancery division extended the stay on foreclosure sales after this time. This continued through October 7, 2021, when the presiding judge of the chancery division entered an order allowing sales in foreclosure actions to resume. On November 29, 2021, the selling officer sent a third notice of sale to the defendants, stating that the subject property would be sold at public auction on January 12, 2022.

¶ 7        On January 10, 2022, Citizens Law Group, Ltd., filed an appearance in the case on behalf of the defendants. It also filed on their behalf a motion to vacate the order of default and judgment of foreclosure, to allow them leave to file an answer to the complaint, and to stay the judicial sale scheduled for January 12, 2022. Generally speaking, that motion asserted that the order of default and judgment of foreclosure were interlocutory orders that should be set aside as a matter of substantial justice, that the defendants had acted diligently by filing the motion upon the retention of counsel and by working to obtain a loss-mitigation solution, and that the defendants had meritorious defenses. Those affirmative defenses, which were set forth in the answer it sought leave to file, were (1) that the plaintiff had failed to provide the contractually-required notice to the defendants before accelerating the mortgage, (2) that the plaintiff had failed to provide the legally-required notice on the availability of homeownership counseling, (3) that the plaintiff lacked standing because it was not a proper assignee of the mortgage, and (4) that the plaintiff was barred from recovery due to its purchasing of force-placed insurance for the subject property and charging the defendants for it. Finally, the motion sought to stay the judicial sale that was scheduled for January 12, 2022, on the basis that, on January 6, 2022, the plaintiffs had accepted an offer to purchase the subject property for $260,000, subject to short sale approval from the

plaintiff. A contract and proof of funds were attached as exhibits to the motion.

¶ 8        The trial court heard the matter as an emergency motion on January 11, 2022. Its written order from that date reflects that it denied the defendants' motion to vacate defaults upon a finding "that the granting of the Motion will result in substantial justice not being done to Plaintiff." The trial court further denied the motion to stay the judicial sale, without further elaboration of its reasoning in the written order. No transcript of the hearing is included in the record on appeal.

¶ 9        Later in the day on January 11, 2022, the defendants filed an emergency motion to reconsider the denial of the motion to stay the judicial sale. The defendants stated in that motion the trial court had denied their motion to stay upon its finding "that the short sale offer was not a real offer and that the offer was not likely to close based upon the Judge's experience." The motion stated that, following the hearing, the defendants' counsel was advised by the plaintiff's mortgage servicer that the plaintiff's valuation of the property was $245,900, and that it did not have time to review the file before the judicial sale the following day. The motion stated that the offer of $260,000 was a legitimate offer and that earnest money had been tendered and received. It also included the statement that defendants' counsel had processed over one thousand short sale requests in the past decade and that, in counsel's estimation, the current short sale offer had a high likelihood of being approved and closing. The trial court denied the motion to reconsider without prejudice on the basis that it did not present an emergency.

¶ 10       On January 14, 2022, the plaintiff filed motions for confirmation of the foreclosure sale and for entry of a personal deficiency judgment against the defendants. The selling officer's report of sale stated that the subject property had been offered for sale at public auction on January 12, 2022, at which the highest bid had been the plaintiff's bid of $230,000. It further set forth that, after adding interest, additional escrow items and attorney fees advanced by the plaintiff, and costs of

sale to the original judgment amount, the total amount due to the plaintiff was $332,804.02. Thus, after distribution of the sale proceeds, a deficiency of $102,804.02 would be owed by the defendants. The plaintiff's motions were scheduled for presentment on February 4, 2022.

¶ 11 On February 2, 2022, the defendants filed another motion to reconsider the denial of their emergency motion to stay the sale and to vacate the orders of default and judgment of foreclosure. On February 4, 2022, the trial court denied the defendants' motion to reconsider, with no further explanation of its reasoning included in the written order. It also confirmed the sale and entered an *in personam* judgment against the defendants in the amount of $102,804.02. Thereafter, the defendants filed a timely notice of appeal.

¶ 12 ANALYSIS

¶ 13 The defendants raise three principal arguments on appeal. First, they argue that the trial court erred in denying their motion to vacate the order of default and the judgment of foreclosure. Second, they argue that the trial court erred in denying their emergency motion to stay the judicial sale scheduled for January 12, 2022, and in refusing to hear their motion to reconsider that ruling on an emergency basis. Finally, they argue that, as a result of the trial court's erroneous rulings on these motions, it also erred in its calculation of any deficiency judgment that they owed. The plaintiff's position is that the arguments raised by the defendants involve matters within the discretion of the trial court, and without transcripts of the trial court proceedings, the record on appeal is inadequate for review of these discretionary decisions of the trial court. They also argue that the trial court did not abuse its discretion in entering the orders challenged by the defendants.

¶ 14 The defendants' motion to vacate the order of default and judgment of foreclosure was brought under section 2-1301(e) of the Code of Civil Procedure, which provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed

within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2020). In a mortgage foreclosure case, the final judgment is the order confirming the sale. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. Until a motion to confirm a judicial sale is filed, section 2-1301(e) provides the standards by which a defendant in a foreclosure case may seek to vacate an order of default or a default judgment of foreclosure. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 27.

¶ 15     As the plain language of 2-1301(e) makes clear, the decision about whether to grant a timely motion to vacate an order or judgment of default rests in the discretion of the trial court. *In re Haley D.*, 2011 IL 110886, ¶ 69. However, a liberal policy exists with respect to vacating defaults under that statute. *McCluskey*, 2013 IL 115469, ¶ 16. The overriding question for a trial court evaluating whether to grant a motion to set aside a default judgment is " 'whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits.' " *Id.* (quoting *Haley D.*, 2011 IL 110886, ¶ 69). In the exercise of its discretion, the trial court must balance the severity of the penalty to the defendant resulting from the default with the attendant hardship to the plaintiff if it is required to proceed to trial. *McCluskey*, 2013 IL 115469, ¶ 17. A party moving to vacate a default is not necessarily required to show a meritorious defense or a reasonable excuse for failing to assert such defense in a timely manner. *Id.* ¶ 16. However, considerations of due diligence and the existence of a meritorious defense are relevant in the trial court's determination of whether substantial justice has been done between the parties and whether it is reasonable to vacate the default. *Id.* ¶ 27.

¶ 16     Before proceeding to the specific arguments raised by the defendants, we begin with the plaintiff's argument that the defendants have failed to provide a record on appeal that is adequate to enable our review of the issues that the defendants have raised. It is well established that an

appellant bears the burden to present a sufficiently complete record of the proceedings in the trial court to support a claim of error, and in the absence a sufficiently complete record on appeal, we will presume that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts that may arise from the incompleteness of the record must be resolved against the appellants. *Id.* at 392.

¶ 17    The record on appeal in this case contains no transcript of the hearings that occurred before the trial court on January 11, 2022, when it heard the motion to vacate defaults, or on February 4, 2022, when it heard the motion to reconsider. The trial court's written order from January 11, 2022, reflects that it denied the defendants' motion to vacate upon its finding "that the granting of the Motion will result in substantial justice not being done to Plaintiff." This indicates that the trial court clearly understood the correct legal standard to apply. However, without a transcript of the hearing or a sufficient alternative (see Ill. S. Ct. R. 323 (eff. July 1, 2017)), we have no means of further understanding how the trial court balanced the relevant considerations in determining that substantial justice would not be done by vacating the defaults and therefore no way of evaluating whether it abused its discretion in doing so. Given this insufficiency in the record, we must resolve any doubts against the defendants, who are the appellants in this case, and we presume that the trial court's order was entered in conformance with the law upon a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 392 (court had no basis for holding trial court abused its discretion where transcript of hearing on motion to vacate was not included in record on appeal); see also *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15.

¶ 18    Even without a transcript, however, we have no difficulty affirming the trial court's determination that substantial justice would not be done by vacating the order of default or judgment of foreclosure. The statement in its written order that vacating the default would "result

in substantial justice not being done to Plaintiff" leads us to conclude that the trial court found that the plaintiff would suffer hardship if the default was vacated and the plaintiff was compelled at that point to proceed with litigation to trial on the merits. It is clear by this time that, as a result of the moratorium on foreclosure sales caused by the COVID-19 pandemic, two years had passed from the entry of the default judgment of foreclosure to the date of the judicial sale. As the plaintiff correctly points out, the report of sale shows that during this two-year delay between the judgment and sale, the plaintiff had advanced $18,529.96 for additional escrow items for the subject property, such as property taxes and insurance. Thus, if the judgment were vacated at that point and the litigation recommenced from the beginning, the plaintiff was likely to incur substantial additional escrow costs while the case progressed. We disagree with the defendants' characterization of the hardship to the plaintiff of proceeding to trial as merely "nominal." See *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶¶ 47-49 (bank's advance of funds for property taxes and insurance in protracted litigation weighed against vacating order of default).

¶ 19     The defendants argue that the hardship to the plaintiff in going to trial is far outweighed by the severity of the penalty to them in upholding the default judgment. Specifically, they argue, in addition to foreclosing on their rental property, the default resulted in an *in personam* judgment entered against them for $102,804.02. While we do not wish to minimize the impact the default judgment has had on them, a large part of the blame for it must be placed on the defendants for failing to appear or participate in this litigation until two days before the judicial sale was scheduled to occur. This was nearly two years and six months after the date they were served with summons, two years after they were first given notice of the default judgment of foreclosure, and six weeks after they were given notice that the judicial sale was scheduled for January 12, 2022. Even if they did not receive all of the notices sent to them, they were clearly aware that a foreclosure case was

pending. While there was a period during this timeframe that circuit court's COVID-19 mitigation measures excused the defendants' inaction, they were not prevented from appearing or filing motions in the case for most of this time. In fact, it stands to reason that the moratorium on sales in foreclosure cases due the pandemic would have made it more likely for them to receive a favorable result on a motion to vacate if they had acted in a timelier manner. However, as a result of their waiting until the absolute last minute to seek to vacate the default after two years, the balance of hardships here appears to weigh in favor of the plaintiff.

¶ 20 The defendants argue that they acted diligently by "aggressively working towards the completion of a short sale." They point out that they had submitted to the plaintiff a complete short sale package wherein the offer presented was higher than the plaintiff's valuation of the subject property. By contrast, the plaintiff contends that the defendants did not show diligence in this regard. It points out that the plaintiffs did not receive an offer to purchase the subject property until six days prior to the judicial sale. It asserts that the applicable federal regulation governing loss mitigation applications on residential mortgages only prohibits the conducting of a foreclosure sale if a borrower submits such an application "more than 37 days before a foreclosure sale." 12 C.F.R. § 1024.41(g) (2021). We find that the record is silent concerning anything that would constitute diligence prior to at least January 6, 2022. Whatever was occurring on the defendants' part, it did not include appearing in this litigation to keep the trial court apprised of their efforts until two days before the scheduled sale date. Again, nothing about this causes us to find that the balance of hardships weighs in favor of vacating the default.

¶ 21 The defendants argue that their answer demonstrates that they had meritorious defenses to the plaintiff's foreclosure complaint. However, other than reiterating their allegations that the plaintiff failed to send an acceleration notice as required by the mortgage and that they question

the validity of the underlying assignment of the mortgage that give the plaintiff purported standing to bring this case, the defendants' appellate brief fails to make any argument why one or more of these defenses were likely to be meritorious in this particular case. While the showing of a meritorious defense is not required to obtain the vacating of a default under section 2-1301(e), merely stating that these defenses were pled does not persuade us that they serve as a basis for finding that the trial court abused its discretion in declining to vacate the default in this case.

¶ 22    The defendants' second principal argument is that the trial court erred in denying their emergency motion to stay the judicial sale scheduled for January 12, 2022. They point out that as part of their motion, they submitted proof that on January 6, 2022, they received a *bona fide* offer to purchase the subject property for $260,000, subject to short-sale approval from the plaintiff. They assert that the requisite documents had been submitted to the plaintiff to initiate the short-sale process, but the close proximity between the January 6 offer and the January 12 auction prevented it from having enough time to review their submission to a decision on the merits. They state that, at the hearing on their motion, the plaintiff's attorney stated that he had no answer from the plaintiff on its short-sale review and expressed no opinion as to what that decision would be. They further state that, as of that time, the plaintiff did not have a valuation of the property to enable a determination of whether the offer was likely to be approved. They assert that January 12 was the first time that a sale was actually scheduled to take place in the case and that there had been "only minimal activity in the underlying case" since the default had been entered two years earlier. They argue that, if the trial court would have stayed the sale "for just 38 days," the plaintiff would have been required under the applicable federal regulations to review the short-sale application to a decision on the merits. See 12 C.F.R. § 1024.41(c)(1) (2021) (setting forth mortgage servicer's duties if it "receives a complete loss mitigation application more than 37 days

- 10 -

before a foreclosure sale"). They argue that no reasonable person would have denied their request for a stay of the judicial sale under the facts of this case.

¶ 23    A trial court's decision about whether to grant or deny a motion to stay a judicial sale is a matter that we review for abuse of discretion. *PennyMac Corp. v. Colley*, 2015 IL App (3d) 140964, ¶ 10. A trial court may stay proceedings to control the disposition of cases before it as part of its inherent authority to control its docket. *Id.* Matters of judicial economy and the orderly administration of justice are among the factors a trial court may consider in determining whether to stay proceedings. *Id.* (citing *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 901-02 (1998)).

¶ 24    For the same reasons that we discussed above (*supra* ¶¶ 16-17), the absence of a transcript of the hearing on the motion to stay prevents us from understanding the precise basis upon which the trial court exercised its discretion to deny the motion. Accordingly, we must resolve any doubts against the defendants and presume that an adequate basis in law and fact existed to support the trial court's decision to deny the stay. *Foutch*, 99 Ill. 2d at 391-92. We affirm the trial court's decision on this basis. Even without a transcript, however, we would affirm based on the last-minute nature of the defendants' motion, brought two years after the order of sale had been first entered and after the lifting of a lengthy moratorium on sales in foreclosure cases. We find it reasonable under these circumstances for the trial court to have concluded that matters of justice and judicial economy warranted denial of the defendants' motion to stay the judicial sale.

¶ 25    Based on our conclusion that the trial court did not err in denying the motion to vacate the default judgment of foreclosure or the motion to stay the judicial sale, we have no reason to address the defendants' remaining arguments. We point out, though, that we find no error in the trial court declining to hear on an emergency basis the defendants' motion to reconsider the denial of the

motion to stay the judicial sale, where the trial court had already considered the original motion on an emergency basis earlier that day.

¶ 26                                      CONCLUSION

¶ 27        For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 28        Affirmed.